All right, the last piece on the docket for this morning is People v. Holloman, clause number 5-09-0102. And Mr. Bonham, when you're ready to proceed, you may answer. We'll give you a second here to clear out so you don't have to start your argument here. Okay, whenever you're ready. Everybody go. May it please the court, counsel. I'm Mike Bonham, and I work for OSED in Springfield. I represent William Holloman in this case. Mr. Holloman filed a post-conviction petition that got dismissed at the third stage without any evidence. Now, the state pointed out in its brief, and I appreciate that, is there's a case, People v. Pendleton, that says on review, it's de novo review, the third stage dismissal, the third stage, and there's no evidence. So I would concede that it should be de novo. Mr. Holloman's argument in his post-conviction petition is that his appellate counsel did not raise the issue of reasonable doubt on his direct appeal. The only issue raised by appellate counsel was, although couched in terms of reasonable doubt, was that the expert that the state had at the trial was not sufficient, did not have sufficient foundation to give his expert opinion that the substance was not defendant. That was the only issue. This court never heard the argument that there was not sufficient proof beyond a reasonable doubt. In the trial, a guy by the name of Danny Browning was the confidential source. He was the only occurrence witness. Our only occurrence witness. There was a case that the police had set up on Mr. Browning, but he was the only one that did the deal. He was released from jail by Chief Thomas and told to go out and make some buys. Mr. Browning didn't do that. So Chief Thomas got a hold of him and said it's time to make a buy, so he did. And this is from Danny Browning's testimony, that he was being pressured to make this buy. His testimony was incredible, was at least not credible. Now, one occurrence witness, if he's credible, is sufficient to understand that. But his testimony was that he only got $25 for the buy and didn't get any extra money, whereas the Chief said that he gave him $30 for this. He said he only did one deal for the police, but Officer Harnes said that this guy did other buys. He said the defendant asked him on the tape to get some dope. Nowhere on the tape was the dope ever mentioned. This was a jury trial, right? Correct. And all these credibility issues were argued in the jury, I take it? Correct. So we're saying that Danny Browning... The jury determined those issues as far as the issue of whether there's proof beyond a reasonable doubt. Well, the argument is that no rational jury could have found anything beyond a reasonable doubt, which I understand is a standard on appeal. And it should have been raised on appeal. So I have to point out that it was without a reasonable doubt. And also Mr. Browning here did the deal in a shed or lean-to, so the police couldn't see what was going on. I also argue that the audio tape was not clear and that there's no mention of drugs, dope, or methamphetamine. There's no mention of what was purchased. All they talk about was it, and the defendants testified that the it was $25 for some dishes and so forth. Now, the police did search Mr. Browning, but they did not search his bicycle. They did not search the shed. And this was only .1 tenth of a gram of methamphetamine. That could have easily been... Now, his bike could have easily been in the shed. The state also argues that this is res judicata. I figure I might as well deal with that now. This is not res judicata because this court never dealt with a reasonable doubt issue. The cases that the state brought up, all were cases where the college court did look at the overall issue of reasonable doubt, which never occurred in this case. So I would argue that res judicata is not involved. Thank you. Thank you. Thank you very much. Mr. McCormick. Your Honors, Counsel, this is an appeal from the dismissal of a post-conviction petition at the third stage after an evidentiary hearing. Now, at that evidentiary hearing, no evidence was put on. But nonetheless, it was afforded an opportunity to present evidence. And so... Based upon arguments. Right. Arguments only. So, you know, since no new evidence and there's no issues of credibility, de novo review is appropriate. Now, res judicata especially should apply. This is not the rationale for the court's denial of the petition. Res judicata should apply because reasonable doubt was raised via a sufficiency of the evidence due to the foundation or the expert testimony about the methamphetamine. Nonetheless, this court had to necessarily have applied the Collins standard to determine whether the defendant was found guilty beyond reasonable doubt or not. And in doing so, I mean, the underlying issue is reasonable doubt. It was raised on direct appeal. The same underlying issue was raised now. Although, you know, they're making a little different argument. Nonetheless, the underlying issue is the same, and that's why. And also, the other reason that res judicata should apply is because this court's not looking at any new evidence that was taken by the post-conviction court below. We're looking at the same record. And this court's always already made determinations, particularly about the tape. This court has already found that and has recognized that the tape was clear enough to record Browning, the controlled sort, I mean, the controlled buyer, who went to the defendant and asked, he asked, have you got that check? And this court's already found that that was in the tape. This court's already found that as they proceed from the store into the shed, you hear that Browning asks, you got it? And the defendant replying, it's right here in my hand. This court's already noticed and has already recognized that the term shed is frequently employed to refer to illegal drugs in the illegal drug sales. So, you know, that's already been resolved. The issues of credibility, that's already been before the court, I mean, before the jury, and has already been resolved and would be given deference under Collins' standard. That's another reason we don't have any new issues about that. The record already reveals fully how well Browning was searched prior to going to make the controlled buy. And sure, it wasn't a strip search, but it was quite thorough. Waistband, groin, pat down, hat band, as much as you could do. In counsel below, a trial counsel, made the argument to the jury that, well, you know, you could have had it somewhere. But the jury apparently rejected that because it was just not found. As far as, well, the search and credibility and the tape, those issues have already been considered by the jury, and presumably, and explicitly in some cases, and presumably considered by this court in conducting its prior reasonable doubt analysis. So, you know, for those reasons, you know, you can't just rephrase in a post-conviction petition. You can't just rephrase an issue that's already been decided on direct appeal in terms of ineffective assistance of the public counsel. Flores has rejected that. So what we're really looking at is the underlying issue of, has this court already ruled on reasonable doubt? And this court really has. So for that reason, this court should affirm on the basis of the fact that this issue is barred by res judicata. But, you know, the second thing is the fact that even if you looked at the issues that the defendant raises on appeal now, pertaining to reasonable doubt, they are contradicted by the record. He says that Browning was not a credible witness because Browning's testimony was inconsistent with Thomas's. But it isn't. If you look at the record, Browning testifies he's given $25 to make the purchase. And Chief Thomas also says, I gave you $25 to make the purchase. It's not inconsistent for Chief Thomas to say that after the transaction was complete, that he paid Browning $30. That's not inconsistent. There was only $25. So, you know, there's no credibility problem there. He also says that he was not credible because of the number of buys, controlled buys that he had made. He makes a little argument that would make it appear that Browning and Hanisch's testimony was inconsistent. But it is not. Inspector Hanisch explains that Browning had been involved in four to five controlled buys prior to April 16th. That's the date of this instant crime. And that he had not made any controlled buys after that date. And this is Hanisch and Browning's testimony is totally consistent. So there's no reason for attacking Browning's credibility on that basis. And as far as the search, well, the search was, the jury had all the information about the search that Chief Thomas made of Browning before he went in to make the controlled buy. And they heard trial counsel's argument below that, well, he could have hid it somewhere on his person. And that he had a motive to make this controlled buy in order to stay out of jail. So the jury was well aware of whatever nefarious motives Browning might have had. And they were aware of a possibility, although it was unsupported by any facts, that he could have hid it. But the jury, they rejected that inference. They drew the reasonable inference that he had been searched adequately and that he made the controlled buy from the defendant himself. And that the defendant was the one that possessed the drugs. And as far as the tape, this Court has already made findings in regard to the tape and the clarity of the tape and what was said on the tape. And the reasonable inferences from the tape and its reference to it as drugs. And then there's also the fact that there is also the forensic testimony, which this Court has already noted that even if there was some foundational problem with that, it doesn't amount to a reasonable doubt of the defendant's guilt. So this Court has already decided that issue. So for those reasons, either that the reasonable doubt argument would not have shown an effective assistance of the appellate counsel, or to say that this issue was marred by race judicata, either would be a valid and sufficient reason to affirm the court below. Unless there are any questions. Thank you, Mr. Cronin. Do you rebuttal, Mr. Buckner? Yes, Mr. Cronin. I would like to point out that on the order of this case on the direct appeal, this Court has found that even if there was insufficient evidence for the expert testimony, it would not necessarily go to the reasonable doubt or not of this defendant. So I don't think this Court ever did go into that. The PPOB DEW case and court case says the claims of ineffective assistance of counsel are preferably brought in a collateral review. And just on the three cases that the State decided in its brief, PPOB Carlton, the appellate court, did an extensive review of the reasonable doubt. PPOB Adams, they raised the current intent, but the Court had gone into accountability, which was part of the current intent. McGinnis was also a reasonable doubt, where the Court actually looked at the whole reasonable doubt issue. Therefore, again, I think this case is different from this issue. Thank you, Mr. Buckner. All right, we'll take this matter under advisement.